UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHYLLIS GRENZEBACH as a surviving heir of Robert Anderson, and KATHLEEN RYAN as a surviving heir of Michael Mergen, on behalf of themselves and a class of similarly-situated persons,<br><br>      Plaintiffs,<br><br>  v.<br><br>EHC Management, LLC; Evergreen at Arvin, LLC; Evergreen at Chico, LLC; Evergreen at Fullerton, LLC; Evergreen at Lakeport, LLC; Evergreen at Oroville, LLC; Evergreen at Petaluma, LLC; Evergreen at Salinas, LLC; Evergreen at Tracy, LLC; Evergreen at Heartwood Avenue, LLC; Evergreen at Springs Road, LLC; and DOES 1 through 100, inclusive,<br><br>      Defendants. | No. 2:11-cv-00197-MCE-DAD<br><br><br><br><br><br><br><br><br><br>**ORDER STAYING ACTION** |

----oo0oo----

1

1    Presently before the Court are two motions to dismiss filed
2 by Defendants in this action, which alleges noncompliance with
3 California's minimum staffing requirements for skilled nursing
4 facilities.  Defendants have brought to the Court's attention a
5 case, <u>Wehlage v. EmpRes Healthcare, Inc., et al.</u>, N.D. Cal. Case
6 No. 4:10-cv-058390-CW filed in 2010 prior to commencement of the
7 instant lawsuit.  Defendants request, among other potential
8 remedies, that this matter be stayed pending disposition of the
9 <u>Wehlage</u> action, since both cases involve similar class-wide
10 claims that inadequate nursing levels violated residents' rights
11 under California Business and Professions Code § 1430(b), and
12 further both entail alleged violations of California Business and
13 Professions Code §§ 17200 et seq. and 17500 et seq.  In addition,
14 according to the defense, the Defendants in both lawsuits are
15 markedly similar.
16    Plaintiffs have agreed, by way of opposition to Defendants'
17 Motion, that this matter be stayed pending the outcome of motions
18 to dismiss in <u>Wehlage</u> that were heard on April 7, 2011 and turn
19 upon similar abstention issues.  Plaintiffs argue that judicial
20 economy may be served by awaiting the Northern District's ruling
21 on those motions, particular since coordination of both lawsuits
22 may result.[1]
23 ///
24 ///
25 ///

---

[1] Interestingly, while Defendants had requested a stay as part of their requested relief, Plaintiffs now represent to the Court that Defendants declined to stipulate to staying the matter once Plaintiffs agreed to do so.

2

1  The Court agrees that this matter should be stayed pending a
2 ruling on the <u>Wehlage</u> motions.  The case is accordingly stayed,
3 with the motions to dismiss now before the Court (ECF No. 22 and
4 23) held in abeyance until after a decision on the <u>Wehlage</u>
5 motions has been issued.  The currently scheduled hearing date of
6 May 5, 2011 for the motions before this Court are accordingly
7 vacated.

8  The parties are directed to notify the Court not later than
9 ten (10) days following the date a ruling has been made by the
10 Northern District in the <u>Wehlage</u> matter.  The parties are further
11 directed to attach a copy of the Northern District's ruling to
12 their notification in that regard.  Finally, in the event that no
13 ruling has been made on the <u>Wehlage</u> motions, the parties are
14 directed to file a Status Report not later than sixty (60) days
15 following the date of this Order to advise this Court of where
16 matters stand.

17  IT IS SO ORDERED.

Dated: May 3, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE